**Last revised: August 1, 2017**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:   OSIS S. GOULBOURNE,                           Case No.:   17-29393 RG

                                                       Judge:      ROSEMARY GAMBARDELLA

Debtor(s)

## Chapter 13 Plan and Motions

☒ Original             ☐ Modified/Notice Required         Date: OCTOBER 6, 2017

☐ Motions Included     ☐ Modified/No Notice Required


THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __HR_____        Initial Debtor: _____OG____        Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ 400__ per __MONTH__ to the Chapter 13 Trustee, starting on   OCTOBER OF 2017_____ for approximately __SIXTY (60)__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 660 Mill Street, Belleville, New Jersey.  TRUSTEE IS NOT TO PAY MIDLAND MORTGAGE COMPANY'S, PRE-PETITION MORTGAGE ARREARAGE CLAIM.  ARREARS DUE TO MIDLAND MORTGAGE COMPANY, ARE TO BE ADDRESSED THROUGH LOAN MODIFICATION.   DEBTOR TO MAKE LOSS MITIGATION PAYMENT, NOT, REGULAR MONTHLY MORTGAGE PAYMENT, STARTING IN OCTOBER OF 2017, TO BE PAID DIRECTLY BY THE DEBTOR TO MIDLAND MORTGAGE COMPANY.
Proposed date for completion: MARCH 31, 2018, OR AS EXTENDED BY THE COURT.

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan: TRUSTEE IS NOT TO PAY MIDLAND MORTGAGE COMPANY'S PRE-PETITION ARREARAGE CLAIM.

**Part 2:    Adequate Protection ☒ NONE**

  a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

  b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

 a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $2,900 (BALANCE OF ORIG. FEE PLUS SUPP. COUNSEL FEES IF APPLICABLE) |
| DOMESTIC SUPPORT OBLIGATION | | |

 b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

  ☒ None

  ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: |  |  |
|---|---|---|---|

| **Part 4:** | **Secured Claims** |
|---|---|

**a. Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|

|  |  |  |  |  |  |  |  |
|--|--|--|--|--|--|--|--|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

### f. Secured Claims Unaffected by the Plan ☒ NONE

The following secured claims are unaffected by the Plan:

### g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

**Part 5:    Unsecured Claims ☐ NONE**

    **a.** **Not separately classified** allowed non-priority unsecured claims shall be paid:

        ☐ Not less than $ _____ to be distributed *pro rata*

        ☒ Not less than _100___ percent

        ☐ *Pro Rata* distribution from any remaining funds

    **b.** **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

### Part 7: Motions ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    **a.** **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☒ NONE

    The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|   |   |   |   |   |   |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions, Counsel Fees and Supplemental Counsel Fees

2) Secured Claims

3) Priority Claims

4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: OCTOBER 6, 2017    /S/ HERBERT B. RAYMOND, ESQ.
　　　　　　　　　　　　　　Attorney for the Debtor

Date: OCTOBER 6, 2017 _____    /S/ OTIS S. GOULBOURNE_____
　　　　　　　　　　　　　　Debtor

Date: _____    _____
　　　　　　　　　　　　　　Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: OCTOBER 6, 2017    _____    /S/ HERBERT B. RAYMOND, ESQ._____
　　　　　　　　　　　　　　Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: OCTOBER 6, 2017 _____    /S/ OTIS S. GOULBOURNE_____
　　　　　　　　　　　　　　Debtor

Date: _____    _____
　　　　　　　　　　　　　　Joint Debtor

```
                              United States Bankruptcy Court
                                    District of New Jersey
In re:                                                                    Case No. 17-29393-RG
Otis S Goulbourne                                                         Chapter 13
             Debtor

                                    CERTIFICATE OF NOTICE
District/off: 0312-2         User: admin                Page 1 of 2          Date Rcvd: Oct 11, 2017
                             Form ID: pdf901            Total Noticed: 42

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 13, 2017.
db             +Otis S Goulbourne,    660 Mill Street,    Belleville, NJ 07109-1353
517084791      +Affinity Federal Credit Union,    2 Crossroads Drive, PO Box 750,    Bedminster, NJ 07921-1562
517084794      +Belleville Township,    152 Washington Avenue,    Belleville, NJ 07109-2589
517084796     ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court: Capital One,     15000 Capital One Dr,    Richmond, VA 23238)
517084799      +Capital One,    PO Box 85147,    Richmond, VA 23276-0001
517084797      +Capital One,    PO Box 85617,    Richmond, VA 23285-5617
517084795      +Capital One,    Attn: Bankruptcy,    P0 Box 30253,    Salt Lake City, UT 84130-0253
517084800      +CitiMortgage,    PO Box 790001,    Saint Louis, MO 63179-0001
517084801      +Citimortgage,    PO Box 183040,    Columbus, OH 43218-3040
517084802       Citimortgage,    100 Technology Drive,    O Fallon, MO 63368
517084804      +Citimortgage Inc,    P0 Box 9438,    Gaithersburg, MD 20898-9438
517084803       Citimortgage Inc,    Attn: Bankruptcy,    P0 Box 6423,    Sioux Falls, SD 57117
517084807      +KML Law Group,    701 Market Street,    Suite 5000,    Philadelphia, PA 19106-1541
517084808      +KML Law Group PC,    216 Hadden Avenue,    Suite 406,    Westmont, NJ 08108-2812
517084811      +Midfirst Bank,    999 North West Grand Blvd.,    Oklahoma City, OK 73118-6051
517084810      +Midfirst Bank,    PO Box 268950,    Oklahoma City, OK 73126-8950
517084814      +Midland Mortgage Company,    999 Nw Grand Blvd,    Oklahoma City, OK 73118-6051
517084813      +Midland Mortgage Company,    Attn: Customer Service,    P0 Box 26648,
                Oklahoma City, OK 73126-0648
517084815       Midland Mortgage Inc LLC,    PO Box 26648,    Oklahoma City, OK 73126-0648
517084816       Midland Mortgage Inc.,    PO Box 268888,    Oklahoma City, OK 73126-8888
517084817      +Midland Mortgage LLC,    PO Box 18187,    Oklahoma City, OK 73154-0187
517084819      +New Hampshire Higher Education,    P0 Box 3420,    Concord, NH 03302-3420
517084818      +New Hampshire Higher Education,    Attn: Bnakruptcy,    4 Barrell Court,    Concord, NH 03301-8543
517084823       PSEG,    P0 Box 14106,    New Brunswick, NJ 08906
517084820       PSEG,    PO Box 14104,    New Brunswick, NJ 08906-4104
517084829      +Township of Belleville,    152 Washington Avenue,    Belleville, NJ 07109-2589
517084828      +Township of Belleville,    Attn: water / sewer department,    152 Washington Avenue,
                Belleville, NJ 07109-2589
517113940      +U.S Department of HUD,    451 7th Street SW,    Washington, DC 20410-0001

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Oct 11 2017 23:10:20     U.S. Attorney,    970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 11 2017 23:10:16     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517084789      +E-mail/Text: bankruptcycare@affinityfcu.com Oct 11 2017 23:09:56     Affinity Fcu,
                 73 Mountainview Blvd,    Basking Ridge, NJ 07920-2332
517084792      +E-mail/Text: bankruptcycare@affinityfcu.com Oct 11 2017 23:09:56
                 Affinity Federal Credit Union,    PO Box 621,    Basking Ridge, NJ 07920-0621
517084793      +E-mail/Text: bankruptcycare@affinityfcu.com Oct 11 2017 23:09:56
                 Affinity Federal Credit Union,    73 Mountain View Boulevard,    Basking Ridge, NJ 07920-2332
517084790      +E-mail/Text: bankruptcycare@affinityfcu.com Oct 11 2017 23:09:56
                 Affinity Federal Credit Union,    73 Mountainview Blvd,    Basking Ridge, NJ 07920-2332
517084806      +E-mail/PDF: creditonebknotifications@resurgent.com Oct 11 2017 23:13:14     Credit One Bank Na,
                 Po Box 98872,    Las Vegas, NV 89193-8872
517084805      +E-mail/PDF: creditonebknotifications@resurgent.com Oct 11 2017 23:14:11     Credit One Bank Na,
                 P0 Box 98873,    Las Vegas, NV 89193-8873
517084822      +E-mail/Text: bankruptcy@pseg.com Oct 11 2017 23:09:29     PSEG,    PO Box 490,
                 Cranford, NJ 07016-0490
517084821       E-mail/Text: bankruptcy@pseg.com Oct 11 2017 23:09:29     PSEG,    PO Box 790,
                 Cranford, NJ 07016-0790
517084824      +E-mail/PDF: gecsedi@recoverycorp.com Oct 11 2017 23:13:30     Synchrony Bank,
                 Attn: Bankruptcy,    P0 Box 965060,    Orlando, FL 32896-5060
517084827      +E-mail/PDF: gecsedi@recoverycorp.com Oct 11 2017 23:13:30     Synchrony Bank,    PO Box 960013,
                 Orlando, FL 32896-0013
517084826      +E-mail/PDF: gecsedi@recoverycorp.com Oct 11 2017 23:13:03     Synchrony Bank,    PO Box 965013,
                 Orlando, FL 32896-5013
517084825      +E-mail/PDF: gecsedi@recoverycorp.com Oct 11 2017 23:13:30     Synchrony Bank,    P0 Box 965005,
                 Orlando, FL 32896-5005
                                                                                              TOTAL: 14

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517084798*    ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court: Capital One,     PO Box 85015,    Richmond, VA 23285-5015)
517084809*     +KML Law Group PC,    216 Hadden Avenue,    Suite 406,    Westmont, NJ 08108-2812
517084812*     +Midfirst Bank,    PO Box 268950,    Oklahoma City, OK 73126-8950
                                                                                   TOTALS: 0, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
District/off: 0312-2          User: admin              Page 2 of 2            Date Rcvd: Oct 11, 2017
                              Form ID: pdf901          Total Noticed: 42
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 13, 2017                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 6, 2017 at the address(es) listed below:

        Herbert B. Raymond    on behalf of Debtor Otis S Goulbourne bankruptcy123@comcast.net, jeff.raymond@comcast.net;raymondmail@comcast.net;carol-raymond@comcast.net;bankruptcyattorneys@comcast.net;herbertraymond@gmail.com;carbonell_c@hotmail.com;kdelyon.raymond@gmail.com

        Marie-Ann Greenberg    magecf@magtrustee.com

        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov

        TOTAL: 3